## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOROTHY FORTH, LISA BULLARD, RICARDO GONZALES, CYNTHIA RUSSO, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALGREEN CO.,<br><br>Defendant. | Case No: 1:20-mc-00007-MSM-PAS<br><br>Underlying Action:<br>Civ. A. No. 17-cv-2246 (N.D. Ill.) |

### DECLARATION OF GRANT A. GEYERMAN IN SUPPORT OF NON-PARTY CAREMARK, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

I, Grant Andrew Geyerman, make the following Declaration based on personal knowledge of the matters set forth herein:

1. I am a partner at Williams & Connolly LLP, counsel to third-party Caremark, LLC ("Caremark"). I submit this Declaration in support of Caremark's Opposition to Plaintiffs' Motion to Compel. I have personal knowledge of the matters set forth herein, and if called upon, I could and would testify competently thereto.

2. I participated in an October 17, 2018 conference call with counsel for Plaintiffs regarding the Rule 45 subpoena Plaintiffs issued on August 24, 2018. During that call, as best I recall, counsel for Plaintiffs explained that Plaintiffs were interested in documents and testimony

to determine whether Walgreens was required to submit its Prescription Savings Club program price as its usual and customary under Walgreens' contract with Caremark.  I advised that Caremark had already provided Rule 30(b)(6) testimony on that topic and agreed to provide the transcript and exhibits in response to Plaintiffs' subpoena.

3. I commissioned Caremark's first search for ESI in this matter after Caremark had served its objections both to Plaintiffs' July 26, 2019 subpoena and Walgreens' November 8, 2019 subpoenas.  Specifically, as the December 2019 holidays approached, and knowing that the undersigned would be out on paternity leave sometime on or around February 1, 2020, and my colleague, Andrew Watts, would be out of the office for the same reason shortly thereafter, I commissioned a review of Caremark's documents collected from previously litigations to identify documents responsive to Plaintiffs' and Walgreens' subpoenas.  This review began on December 10, 2020, and Caremark produced all responsive, non-privileged documents on January 16, 2020.

4. Caremark's Information Technology ("IT") Department advised that the search proposed in the instant Motion to Compel would yield 3,156 documents (some of which are likely duplicates).

5. On July 10, 2020, contemporaneous with filing Caremark's Opposition to the Motion to Compel, my office is serving Plaintiffs' counsel with Caremark's privilege log.  We are also producing redacted versions of correspondence, where possible, as well as any non-privileged attachments thereto.

6. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' July 26, 2019 Rule 45 Subpoena served on Caremark, LLC in the above-captioned matter.

7. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiffs' August 24, 2018 Rule 45 Subpoena served on Caremark, LLC in the above captioned-matter.

8. Attached hereto as Exhibit 3 is a true and correct copy of Caremark, LLC's October 4, 2018 Objections and Responses to Plaintiffs' August 24, 2018 Rule 45 Subpoena.

9. Attached hereto as Exhibit 4 is a true and correct copy of the November 18, 2016 Declaration of John Lavin, as produced by Caremark, LLC to Plaintiffs on or about October 25, 2018.

10. Attached hereto as Exhibit 5 is a true and correct copy of an October 1, 2008 document entitled "Network Performance, Troubleshooting Set Price Generic Programs," as produced by Caremark, LLC to Plaintiffs on or about October 25, 2018.

11. Attached hereto as Exhibit 6 is a true and correct copy of an e-mail that I sent to Jason Alperstein, counsel for Plaintiffs, on or about July 30, 2019.

12. Attached hereto as Exhibit 7 is a true and correct copy of a letter that I received from Jason Alperstein, counsel for Plaintiffs, on or about October 16, 2019.

13. Attached hereto as Exhibit 8 is a true and correct copy of Caremark, LLC's November 13, 2019 Objections and Responses to Plaintiffs' July 26, 2019 Rule 45 Subpoena.

14. Attached hereto as Exhibit 9 is a true and correct copy of Walgreens' November 8, 2019 Rule 45 subpoena served on Caremark, LLC in the above-captioned matter.

15. Attached hereto as Exhibit 10 is a true and correct copy of Caremark, LLC's December 18, 2019 Objections and Responses to Walgreens' November 8, 2019 Rule 45 Subpoena.

16.Attached hereto as Exhibit 11 is a true and correct copy of a January 16, 2020 letter that accompanied Caremark, LLC's production of documents in the above-captioned matter.

17.Attached hereto as Exhibit 12 is a true and correct copy of a letter I received from Jason Alperstein, counsel for Plaintiffs, on or about January 21, 2020.

18.Attached hereto as Exhibit 13 is a true and correct copy of a March 18, 2020 letter that accompanied Caremark, LLC's production of documents in the above-captioned matter.

19.Attached hereto as Exhibit 14 is a true and correct copy of a May 27, 2020 letter that accompanied Caremark, LLC's production of documents in the above-captioned matter.

20.Attached hereto as Exhibit 15 is a true and correct copy of an e-mail I sent to Carey Alexander, counsel for Plaintiffs, on June 16, 2020.

21.Attached hereto as Exhibit 16 is a true and correct copy of a letter I received from Carey Alexander, in his capacity as counsel for the plaintiffs in *Stafford v. Rite Aid Corp.*, 3:17-cv-1340 AJB-JLB (S.D. Cal.). I received the letter via email on July 10, 2020, shortly before Caremark finalized and filed its Opposition to the instant Motion to Compel.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed in Arlington, Virginia on July 10, 2020.

/s/   *Grant A. Geyerman*